**Domingo Uribe SANCHEZ; Alicia Anacleto, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–73614.

Agency Nos. A75–683–434, A75–680–676.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 22, 2005.

Arielle N. Bases, Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Douglas E. Ginsburg, Brenda M. O'Malley, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GRABER and W. FLETCHER, Circuit Judges, and FOGEL,* District Judge.

MEMORANDUM**

Petitioners Domingo Uribe Sanchez and Alicia Anacleto, husband and wife, petition for review of the Board of Immigration

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

**900**

Appeals' (BIA) dismissal of their application for cancellation of removal.

The BIA held that Petitioners, although credible, failed to establish the requisite ten years of continuous physical presence in the United States because the husband testified inconsistently as to his date of entry and because Petitioners provided insufficient corroboration. However, the wife testified clearly that Petitioners entered in June of 1989 and that they had been present continuously since then. The independent corroborating witness testified consistently with the wife's testimony.

The uncertainty in the husband's testimony appears to have resulted from his nervousness, which in turn resulted from hostile questioning by the immigration judge (IJ). We do not disagree with the BIA's conclusion that the IJ's behavior did not rise to the level of a due process violation, because the IJ did not limit the evidence that Petitioners presented. But it is clear from the transcript of the hearing that the IJ's behavior did detract from the husband's ability to testify calmly and coherently.

In view of the absence of any contrary evidence, and in view of the credible testimony of the wife and the independent witness, we conclude that Petitioners met their burden to prove ten years of continuous presence, despite any defects in the husband's testimony and despite the absence of corroborating documentation. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1234 (9th Cir.2003) (holding that a petitioner's failure to provide documentary evidence of continuous presence is not, alone, an adequate basis to reject the petitioner's application for suspension of deportation).

We therefore remand the matter to the BIA to decide in the first instance whether the other criteria for cancellation of removal, 8 U.S.C. § 1229b(b), have been met.

**PETITION GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.